UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY C. BALLHEIMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cv-01393-SEB-DLP |
| ) | |
| RYAN BATTS #525, ) | |
| MATTHEW BURKS #562, ) | |
| BLAYNE ROOT #524, ) | |
| TOWN OF WHITESTOWN, INDIANA ) | |
| acting through its Metropolitan Police Dept. ) | |
| and its Chief of Police, ) | |
| DENNIS R. ANDERSON Chief of Police, in ) | |
| his official capacity, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR INTERLOCUTORY APPEAL**

Plaintiff Jeffrey Ballheimer ("Ballheimer") initiated this lawsuit against the Town of Whitestown, Indiana ("the Town") and several officers of the Town's police department.  On March 20, 2020, we entered an Order granting in part and denying in part Defendants' Motion for Summary Judgment and denying Ballheimer's cross-motion for summary judgment ("Summary Judgment Order"). In relevant part, our Summary Judgment Order held that the Officers are entitled to qualified immunity on Ballheimer's claim that they had committed an unreasonable search in violation of the Fourth Amendment. Now before the Court is Ballheimer's Motion for Interlocutory Appeal Pursuant to 28 U.S.C. §1292(b), in which he seeks our authorization to appeal this finding. For the reasons set forth herein, this motion is denied.

**Discussion**

Federal District Courts are empowered to certify otherwise unappealable non-final order for immediate appellate review if an order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). As the Seventh Circuit has explained, this statute contemplates that certification for interlocutory appeal is appropriate only when certain criteria have been met: "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholtz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (*emphasis in original*). Additionally, a section 1292(b) petition "must be filed within a reasonable time after the order sought to be appealed." *Ahrenholtz*, 219 F.3d at 675-76 (emphasis in original). Unless all five criteria are met, the district court is not authorized to certify an order for immediate appeal. *Id.* at 676.

In submitting his request for certification, Ballheimer has addressed only four of these prerequisites, incorrectly positing that there are four elements that must be satisfied for the district court to certify an order for an interlocutory appeal. What he has left unaddressed is whether his motion was filed "within a reasonable time." We presume he omitted any reference to this criterion because the filing of his motion has been significantly delayed and thus is obviously unreasonable.

We issued our Summary Judgment Order on March 20, 2020. Ballheimer waited nearly four months (115 days) to file his motion, which was docketed on July 13, 2020.

While there is no "bright-line rule" for reasonableness, delays of this length are routinely rejected as unreasonable by courts within our circuit. *See, e.g., Richardson Elecs., Ltd. v. Panache Broad. of Pennsylvania, Inc*., 202 F.3d 957, 958 (7th Cir. 2000) (noting that two-month delay was sufficient grounds to deny petition for interlocutory appeal); *Carroll v. BMW of N. Am., LLC*, 2019 WL 4243153, at *3 (S.D. Ind. Sept. 6, 2019) ("BMW has offered no explanation for why it waited two months after the Court's order to seek leave to appeal. The Court could deny the Motion on this basis alone."); *Damiani for Estate of Damiani v. Allen,* 2018 WL 6505929, at *2 (S.D. Ind. Dec. 11, 2018) ("Without any justification or good cause for their seventy-three-day delay, the court cannot find that their request was filed in a reasonable amount of time."); *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Products Liab. Litig*., 2012 WL 662334, at *1 (S.D. Ill. Feb. 29, 2012) (deeming 64-day delay to be untimely); *Abrams v. Van Kampen Funds, Inc., Fed*. Sec. L. Rep. P 92023 (N.D. Ill. Aug. 27, 2002) ("The two-month delay in seeking certification may be considered inexcusably dilatory.")

    We know of no case within our circuit where a delay as protracted as Plaintiff's was held as reasonable. Though courts may excuse even so great a delay as this when good cause exists, Ballheimer has not presented *any* justification for his dilatoriness, never mind a persuasive one. Accordingly, because the pending motion for interlocutory appeal is untimely, it must be denied.

**CONCLUSION**

Plaintiff's Motion for Interlocutory Appeal Pursuant to 28 U.S.C. §1292(b), Dkt. 112, is **denied**.

IT IS SO ORDERED.

Date: 10/21/2020

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

William W. Barrett
WILLIAMS HEWITT BARRETT & WILKOWSKI LLP
wbarrett@wbwlawyers.com

Toni M. Everton
WILLIAMS BARRETT & WILKOWSKI, LLP
teverton@wbwlawyers.com

Stephen G. Gray
ATTORNEY AT LAW
misstuffy@aol.com

Kirk A. Horn
MANDEL HORN, P.C.
khorn@mhmrlaw.com

Daniel J. Paul
WILLIAMS HEWITT BARRETT & WILKOWSKI LLP
dpaul@wbwlawyers.com

Joshua J. Rauch
MANDEL HORN, P.C.
jrauch@mhmrlaw.com

Todd L. Sallee
TODD SALLEE LAW
toddsalleelaw@yahoo.com